In re: **PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, MDL 01–1407. This document relates to: Hill v Bayer CV–03–**

03275, Curto v Bayer CV–04–00691, Horvath v Bayer CV–04–00692, Kuehne v Bayer CV–04–00242, Mancebo v Bayer CV–04–01238.

Jo Hill; et al., Plaintiffs—Appellants,

v.

Chattem, Inc.; et al., Defendants—Appellees.

No. 05–35219.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2006.

Decided Feb. 17, 2006.

Before: D.W. NELSON, RYMER, and FISHER, Circuit Judges.

MEMORANDUM *

Jo Hill, LaDonna Curton, Reszo Horvath, Marta Kuehne, and Anne Marie Mancebo (collectively "Hill") appeal the district court's summary judgment on statute of limitations grounds in favor of Bayer Corporation. We affirm.

Hill's complaint did not adequately plead the time and manner of discovery or her inability to have made earlier discovery despite reasonable diligence, so Hill did not invoke California's discovery rule. *See*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. As our review on appeal of a summary judgment is de novo, *see Buono v. Norton,* 371

*McKelvey v. Boeing N. Am., Inc.,* 74 Cal. App.4th 151, 160, 86 Cal.Rptr.2d 645 (1999); *see also O'Connor v. Boeing N. Am., Inc.,* 311 F.3d 1139, 1157 (9th Cir. 2002); *Hopkins v. Dow Corning Corp.,* 33 F.3d 1116, 1120 (9th Cir.1994). Thus, Bayer met its initial burden of showing that her claim was time-barred by submitting evidence of when Hill suffered a stroke and pointing out that the statute of limitations had run when her action was filed. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Moreover, at summary judgment, Hill proffered no evidence to invoke the delayed discovery rule. When, as here, the nonmoving party fails to produce evidence to create a genuine issue of material fact, the moving party prevails. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.,* 210 F.3d 1099, 1103 (9th Cir.2000). Accordingly, summary judgment was appropriately entered for Bayer.[1]

AFFIRMED.

F.3d 543, 545 (9th Cir.2004), and we conclude that it was properly entered in favor of Bayer for the reasons we have explained, we have no need to consider other grounds upon which Hill faults the district court's ruling.